## STATE v. HYMAS.

No. 6515.   Decided December 7, 1942.   (131 P. 2d 791.)

22 C. J. S., Criminal Law, sec. 732; Voluntariness of confession admitted by court as question for jury, see note in 85 A. L. R. 899. See also 20 Am. Jur., 453.

*Sneddon & Sneddon,* of Ogden, for appellant.

*Grover A. Giles,* Atty. Gen., *Herbert F. Smart,* Deputy Atty. Gen., and *A. J. Brennan,* Deputy Atty. Gen., for respondent.

LARSON, Justice.

Defendant appeals from a verdict of guilty of burglary in the second degree and judgment thereon committing him

to the state prison. The assignments present three matters: (1) Error in the admission in evidence of statements made by defendant; (2) error in comments made by the court in the presence of the jury; and (3) error in instructions. The facts, essential to an understanding of these assignments, are as follows:

Defendant, and one Malone, traveling by automobile from Ogden, Utah, to Montpelier, Idaho, arrived in Logan, Utah, about 4 a. m. Defendant driving, with Malone asleep in the seat beside him, stopped the car near a service station closed for the night, in North Logan. He left the car and was, a short time later picked up by the police over a block south of the service station while walking north toward the car. A window in the back of the station was broken. Fingerprints identified as defendant's were found on the glass, and a can of oil was on the ground outside the building and near the broken window. At the trial the state through police officers let in evidence certain oral statements of defendant, and a written statement signed by him. Defendant on the witness stand denied making the oral statements. On this appeal he contends the written statement was procured by force and fear and was neither true nor voluntarily made. It appears that before the damaging statements were made one of the police officers struck defendant in the face, made other attempts to strike him and uttered some threats against him. One of the oral statements was made in the office and presence of the justice of the peace. When the written statement was made the offending and offensive officer was not present.

Defendant contends that the statements allegedly made by him, if made, were in the nature of confessions, were not freely and voluntarily made, and were therefore inadmissible. The prosecution contends the statements were at most admissions, not confessions, and so admissible without prior determination that they were voluntarily made. The record as to the oral statements is as follows:

Question by the district attorney: "Where did you have the conversation with the defendant with regard to that?" "A. We took him [defendant] back to the place [scene of the alleged crime] and asked him what he had been doing in that vicinity, and he said he had been looking for oil." He said, "My car run out of oil; I was trying to get some old oil and put in * * *."

"Mr. C. H. Sneddon: I object to that; the statement was not made voluntarily.

"The Court: It is not necessary that an admission be made voluntarily, if this could be an admission; I don't think it is necessarily an admission here. If there is any question about it, we will let the jury be excused. The objection is overruled.

"Mr. J. A. Sneddon: We have made our objections. It is a matter for the court to determine whether this statement was given freely or voluntarily, or otherwise.

"Mr. C. H. Sneddon: If this statement was made, it was a part of a series of statements which probably will amount to a confession, and therefore, we want the court to determine the admissibility of it at this time.

"Mr. J. A. Sneddon: We quote from the case of the *State* v. *Wells*, page 683, in 100 Pacific Reporter [35 Utah 400, 136 Am. St. Rep. 1059, 19 Ann. Cas. 631]. (reading)

"The Court: We have got here to determine the difference between a confession and an admission. A confession is a voluntary statement on the part of the defendant, as I understand it, which admits guilt, or in which he discusses the commission of the act, as well as a confession of the doing of the act, admits guilt of the surrounding circumstances. An admission is merely an admission on the part of the defendant as to some particular act, or some particular thing which in itself does not constitute a confession of guilt, but from which might be drawn an inference that the defendant might have been at the place, at least. So far as this testimony of this man is concerned, as I view it, it cannot amount to anything but an admission. The fact that he said that he was looking for oil, that certainly would not tend to in any way, as I can see, amount to a confession as to second degree burglary. The objection is overruled.

"Mr. J. A. Sneddon: Exception.

"Mr. Sjostrom: Q. Continue. A. He said he had been looking for oil, because his car was using quite a lot of oil, and he was going over the hill to Bear Lake and he needed to get some oil before he proceeded through the canyon."

Earlier in the trial the witness (police officer) had been examined by defense counsel as to having struck and threat-

ened the defendant. As the record discloses, no effort was made by counsel to offer further evidence as to whether the statements were voluntarily made. As stated by counsel he merely wanted to make the objection and have the court rule on it. The court did so and ruled correctly. At the most, the statement could be nothing more than an admission, possibly not that. Therefore no preliminary showing of voluntariness was necessary before admitting the evidence. *State* v. *Masato Karumai*, 101 Utah 592, 126 P. 2d 1047, and cases therein cited. Assuming that proof of voluntariness was required, the court had heard the evidence as to the occurrences when and before the statements were made. The trial court having heard all evidence given or offered on that issue, admitted the statement in evidence. In *State* v. *Johnson*, 95 Utah 572, 83 P. 2d 1010, 1013, we said:

> "It is for the trial judge to determine whether confessions were voluntary. If he concludes that they were, and there is conflicting evidence, he should submit the issue as to whether they were voluntary to the jury, instructing them that they should first determine that question before they consider the confessions as evidence against the accused and only consider them as evidence if they conclude that the confessions were voluntary. If the judge determines that they were not voluntary they of course should not be admitted. Likewise, if he concludes they were voluntary, and there is no evidence that they were not voluntary or the circumstances such as not to raise any doubt as to their voluntariness, he should not put the issue to the jury. [Citing cases]. * * *
>
> "We think the trial court is in a better position to determine whether advantage was taken of a defendant to obtain a confession in a way not countenanced by the law. And we do not think the court erred in holding that the confessions were not involuntary and admitting them in evidence."

Complaint is made of the reception in evidence of a written statement of defendant, Plaintiff's Exhibit D, on the same ground urged against the foregoing oral statements. This statement was written and signed by defendant after he had been taken to the police station. When the first half was written defendant was alone in the

room, and Officer Christensen was present during the writing of the latter half. At no time was the offending officer present. Defendant does not claim he was promised any reward or that any threats were made against him to obtain this writing. At the proceeding leading up to this statement only the defendant and Officer Knowles were present. Knowles was the officer who had intervened for defendant when Officer Madson struck him, and told Madson to "cut it out," or "lay off that." The court required the state to make a showing that the written statement was voluntarily made. We find no error in admitting this evidence. The testimony is sufficient to justify the ruling of the trial court. It was taken in the regular course of the examination of the witnesses, and in the presence of the jury, but no objection was made to that procedure and none is urged before this court. These objections are all based upon the actions of Officer Madson in striking defendant earlier in the night. The conduct of the officer was reprehensible and disgraceful. It should call forth the severest rebuke and condemnation, and appropriate punishment. It cannot be expected that private citizens will have much respect for law if the officers act as did this one. But our task is to review the rulings of the trial court. We do not review the conduct of the officers except as that is incidental to a review of the court's ruling.

Defendant complains that the court refused to instruct the jury to wholly disregard any confessions they believed to have been obtained by force or fear. The requested instruction was properly refused. There were no statements in the record that constituted confessions, and the court had so indicated in the presence of the jury. (We will refer to this later.) Had the requested instruction been given it may have led the jury to regard the statements in evidence as confessions of guilt. We believe the instruction would have been harmful to defendant. Certainly the refusal to give it was not error.

Complaint is made of instruction No. 9 given by the court, which charges the jury to receive and consider with great caution the written and oral statements attributed to defendant because of the dangers of misstatements, misunderstandings, the infirmities of memory, etc., and the possibility of the defendant's mind being oppressed and disturbed by his position. There certainly was nothing in the instruction of which defendant can complain. The instruction embraces a correct legal principle stated in language favorable to defendant.

Lastly, defendant contends that he was prejudiced by remarks of the court in ruling upon objections by defendant to admission of evidence. These remarks were made in connection with the reception in evidence of the statements involved in the first assignments of error. The court in overruling defendant's objections said the statements attributed to defendant certainly were not confessions, and were not necessarily to be considered even as admissions. We have already held the objections to the evidence were properly overruled. If the comment of the court reflects at all upon the evidence, the defendant was certainly the beneficiary thereof, because its only effect could be to "pull the teeth" from what might otherwise have been damaging evidence and argument. We find no errors assigned which require a reversal.

The judgment appealed from is affirmed, and the cause remanded to the District Court for execution of the sentence.

MOFFAT, C. J., WOLFE, and McDONOUGH, JJ., and WILL L. HOYT, District Judge, concur.

PRATT, J., on leave of absence.